ALICE M. BATCHELDER, Chief Judge,
dissenting.
I dissent not because I find the majority’s interpretation of the contract language wrong — to the contrary, I find it both persuasive and elegant, indeed, considerably more elegant than the contract itself. Rather, I dissent because I believe it is possible to reasonably disagree with that interpretation, in no small part due to the contract’s noted inelegance. Thus, I would find this contract ambiguous and in need of trial to determine what the parties intended it to mean.
As the majority recognizes, the dispute in this case turns on two key sentences in the contract. The first is in ¶ I.D., which defines what it means for TIMCO to “qualify.” The second is in ¶ 4, which places a two-day, pre-auction deadline on when other bidders can qualify. Though no language directly defines what “qualify” means for other bidders, the parties agree that the ¶ l.D. definition provided for TIMCO applies to other bidders as well. See, e.g., TVA Br. at 22 n. 13. Thus, the contract requires the following for other bidders to bid at the auction:
[Other bidders] must qualify to bid at the auction by submitting evidence, satisfactory to TVA, in its sole discretion, of [their] financial ability to close the sale. [Other bidders] must qualify at least two (2) days prior to the date of the auction.
The parties’ dispute over this language essentially boils down to a matter of timing: when must TVA review the submitted evidence to determine if it is satisfactory? Both parties agree that a bidder must submit its evidence before the two-day deadline. Further, and crucially, both parties agree that a bidder does not ultimately qualify to bid at the auction until TVA determines that the bidder’s submitted evidence is satisfactory. See, e.g., TVA Br. at 38 (“If TVA determines, in its sole discretion, that the [bidder’s] evidence is not satisfactory, then the bidder ... cannot bid at the auction.”) and 33 (“TVA had *87 up to the start of the auction to determine whether a potential bidder had qualified .... ” (emphasis added)). Where they part ways is that TIMCO argues that TVA must make the determination by the two-day, pre-auction deadline, while TVA argues that it can make that determination any time before the auction itself. TIMCO Br. at 21; TVA Br. at 33. While I agree with the majority that TVA has the better argument, I do not see TIMCO’s approach as unreasonable.
Viewed in isolation, ¶ l.D. favors TVA’s timeline, establishing only that TVA must find a bidder’s submitted evidence satisfactory in order for the bidder to qualify to bid at the auction; it does not require the pre-auction deadline for TVA’s review. The only apparent time limit is that a bidder must qualify before the auction takes place (“to bid at the auction,” a bidder “must qualify”), which is consistent with TVA’s position on appeal regarding when it must make the qualification determination.
But TIMCO argues that ¶ 4 does create a deadline for qualification. It requires that bidders “must qualify at least two days” before the auction. This could reasonably be interpreted to mean that all the necessary elements of “qualify” must be completed by that time. Because a necessary element of qualification is TVA’s determination that the submitted evidence is satisfactory, such an alternative interpretation would require TVA to determine that the evidence is satisfactory before the deadline.
TIMCO’s approach is strengthened by the fact that TVA’s argument requires interpreting “qualify” to mean something different in ¶ l.D. than it does in ¶ 4. As TVA sees it, to “qualify” under ¶ l.D. a bidder must have submitted evidence and TVA must have determined that the evidence is satisfactory, but to “qualify” under ¶ 4 a bidder need only submit its evidence before the two-day deadline. Thus, under TVA’s interpretation, a bidder who has “qualified” under ¶ 4 by submitting his materials before the two-day deadline can then be “disqualified” under ¶ l.D.’s post-deadline (but pre-auction) review. Defining the same key term in the same contractual provision to mean two different things is questionable and supports recognizing the contract language as ambiguous.
The majority’s approach offers a route around this ambiguity problem. In its analysis, qualification occurs simply because the bidder submits satisfactory evidence. Thus, a bidder who (1) submits evidence before the two-day, pre-auction deadline that (2) TVA finds satisfactory sometime after the deadline (3) “qualified” at the moment it submitted its satisfactory evidence. So how is it, as the district court asked below, that the evidence could be satisfactory to TVA without review? The majority answers, “The character of the bidder’s evidence does not change between the time of receipt and review. If [the other bidder’s] evidence was satisfactory to Wasdin when he opened the package and reviewed it — even after the deadline for submissions had expired — it was satisfactory” when it was submitted before the deadline, too. Maj. Op. at 85.
Though I find this persuasive, I do not think it solves the ambiguity problem. By reserving the satisfaction determination to its “sole discretion” and eschewing any explicit limitations on that discretion, TVA has arguably made its review an indispensable element of what it means to “qualify.” Thus, it seems reasonable to read the contract as making TVA’s exercise of judgment a necessary part of the qualification process — until TVA renders judgment, a bidder is not qualified. Notably, that is precisely TVA’s position on appeal: it will not allow a bidder to participate at the *88 auction until it has determined that the bidder is, in fact, qualified. TVA Reply Br. at 21 (noting that the “sole discretion” language means that TVA “reserve[s] the right to consider a potential bidder’s financial wherewithal before allowing it to bid”).
Where contract language is susceptible to more than one reasonable interpretation, it is ambiguous. Sec’y of U.S. Air Force v. Commemorative Air Force, 585 F.3d 895, 900 (6th Cir.2009). The proper interpretation of ambiguous language turns on the intent of the parties and is an issue of fact, Parrett v. Am. Ship Bldg. Co., 990 F.2d 854, 858 (6th Cir.1993), meaning that it ordinarily must be resolved at trial. Summary judgment is appropriate to resolve ambiguity only “where extrinsic evidence leaves no genuine issue of material fact and permits interpretation of the agreement as a matter of law.” Reardon v. Kelly Servs., Inc., 210 Fed.Appx. 456, 458 (6th Cir.2006). The state of the extrinsic evidence in this case does not permit such a conclusion, and neither the district court nor the majority found otherwise. I would remand this case for trial.